ISRAEL, FRIEDBERG & KORBATOV, LLP
Igor Korbatov, Esq., BAR NO. 136773
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90011
Telephone: (310) 278-7001
Facsimile: (310) 878-8336
E-Mail: ikorbatov@ifklaw.com
Attorneys for: 1019 N. Fairfax Avenue LP, a
California Limited Partnership;
Korbatov Equities LLC, a California limited liability company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY LINDSAY | Case No.  2:16-CV-09018-CAS-AGR |
| Plaintiff, | ANSWER TO COMPLAINT |
| vs. | |
| 1019 N. FAIRFAX AVENUE LP, a California Limited Partnership; KORBATOV EQUITIES LLC, a California limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

TO PLAINTIFF SHIRLEY LINDSAY AND TO HER ATTORNEYS OF RECORD: Defendants 1019 N. Fairfax Avenue LP, a California Limited Partnership, and  Korbatov Equities LLC, a California limited liability company  (hereinafter "Defendants") hereby respond to the complaint of plaintiff Shirley Lindsay as follows:

1.  In answering  paragraph  1 of the complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph  1.

2.  In answering  paragraph  2 of plaintiff's complaint, Defendants admits that 1019 N. Fairfax Avenue LP owned 1017 N. Fairfax Avenue, West Hollywood, California, in October of 2016.  However,  Defendants deny the allegations that Korbatov Equities, LLC owned said property, and Defendants deny this  allegation generally and specifically, conjunctively and disjunctively.

3.  In answering paragraph 3 of plaintiff's complaint, Defendants admits that 1019 N. Fairfax Avenue LP owns 1017 N. Fairfax Avenue, West Hollywood, California,.  However, Defendants deny the allegations that Korbatov Equities, LLC owns said property, and Defendants deny this  allegation generally and specifically, conjunctively and disjunctively.

4.  In answering paragraph 4 of the complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 4.

5.  In answering paragraph 5 of plaintiff's complaint, Defendants admit that this court has jurisdiction over an action for violations of the 28 U.S.C. § 1331and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.  Americans with Disabilities Act of 1990.  Except as expressly admitted, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 5.

6.  In answering paragraph 6 of the complaint, Defendants do not dispute the plaintiff's characterization of his complaint as a Civil Rights complaint.  However, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein with regard to "same nucleus of operative facts", and on that basis deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph  6.

7.  In answering paragraph 7 of plaintiff's complaint, Defendants admit that Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

8.  In answering paragraph 8 of the complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 8.

9.  In answering paragraph 9, Defendants deny that the property which is the subject of this action is "open to the public", insofar that the dental practice which defendant allegedly came to visit is visited by appointment only. With regard to the allegation that the subject property is a "business establishment" and a "public accommodation",  Defendants note that paragraph 9 asserts a legal conclusion, rather than a factual contention.  On the foregoing bases, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 18.

10. In answering paragraph 10, Defendants deny that parking spaces are one of the facilities, privileges and advantages of the subject property as such relates to the general public, insofar that the parking area of the dental practice which defendant allegedly came to visit is visited by appointment only, and the parking area of the subject property is private and open only to the tenants of the subject property and to persons specifically invited to the subject parking area by its tenants.  Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 10.

11. In answering paragraph 11 of the complaint, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 11.

12. In answering paragraph 12 of plaintiff's complaint, Defendants admit the allegations contained therein that a compliant, accessible parking space in the parking lot existed prior to October 2016.

13. In answering paragraph 13 of the complaint, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 13.

14. In answering paragraph 14 of the complaint, Defendants note that paragraph 14 of the complaint asserts a legal conclusion, rather than a factual contention, which Defendants' dispute and on that basis, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 14.

15. In answering paragraph 15 of the complaint, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 15.

16. In answering paragraph 16 of the complaint, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 16.

17. In answering paragraph 17 of the complaint, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 17.

18. In answering paragraph 18 of the complaint, Defendants note that paragraph 18 of the complaint asserts a legal conclusion, rather than a factual contention, with regard to "[t]his inaccessible condition" .  Moreover, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in the phrase "denied the plaintiff full and equal access".  Moreover, with regard to the phrase "caused her difficulty and frustration" Defendants do not have

sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  On the foregoing bases, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 18.

19. In answering paragraph 19 of the complaint, Defendants note that paragraph 19 of the complaint asserts a legal conclusion, rather than a factual contention, with regard to with "defendants cure the violations" which Defendants' dispute.  Moreover, with regard to the phrase "would like to return" Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  On the foregoing bases, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 19.

20. In answering paragraph 20 of the complaint, Defendants note that paragraph 20 of the complaint asserts a legal conclusion, rather than a factual contention, with regard to the phrases  "features required to provide ready access" and "inaccessible condition" which Defendants' dispute.  Moreover, with regard to the phrase "inaccessible condition" Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  On the foregoing bases, Defendants deny generally and specifically, conjunctively and  disjunctively, each and every, all and singularly, the allegations contained in paragraph 20.

21. In answering paragraph 21 of the complaint,  Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in phrases "are easily removed without much difficulty or expense", "readily achievable to remove", "numerous alternative accommodations that could be made to provide a greater level of access if complete removal were nnd ot achievable" Moreover,  Defendants note that paragraph 21 of the complaint asserts a legal conclusions, rather than a factual contention, with regard to the phrases "violations" and  "identified by the Department of Justice". On the foregoing bases, Defendants

deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 21.

22. In answering paragraph 22 of the complaint, Defendants note that paragraph 22 of the complaint asserts a legal conclusion, rather than a factual contention, with regard to "illegal barriers" and "ongoing compliance with the ADA".   Moreover, with regard to the phrase "will return to patronize the Dental Office as a customer once the barrier are removed" Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.  On the foregoing bases, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 22.

23. In answering paragraph 23 of the complaint, Defendants note that paragraph 23 of the complaint asserts a legal conclusion, rather than a factual contention, with regard to "blatant violations" and "other violations".    Moreover, with regard to the balance of paragraph 23,  Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein. On the foregoing bases, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 23.

24. In answering paragraph 24 of the complaint, Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singularly, the allegations contained in paragraph 24.

<u>FIRST AFFIRMATIVE DEFENSE</u>

25. As a first affirmative defense, as to plaintiff's complaint and each of the claims alleged therein, Defendants allege the complaint and each and every claim therein, fails to state a claim upon which relief can be granted as against Defendants.

<u>SECOND AFFIRMATIVE DEFENSE</u>

26. As a second affirmative defense, as to plaintiff's complaint and each of the claims alleged therein, Defendants allege upon information and belief that if plaintiff

suffered or sustained any damage or injury, either as alleged in the complaint or at all, Defendants' liability herein to plaintiff, if any, is barred and/or diminished because plaintiff's damage, if any, was directly and proximately caused by the negligence, recklessness, carelessness or fault of other parties and entities, whether or not parties to this action.

### THIRD AFFIRMATIVE DEFENSE

27. As a third affirmative defense, as to plaintiff's complaint and each of the claims alleged therein, Defendants allege, on information and belief, that plaintiff has failed to mitigate his damages, if any, and therefore, recovery on the complaint is barred and/or diminished.

### FOURTH AFFIRMATIVE DEFENSE

28. As a fourth affirmative defense, as to plaintiff's complaint, and each and every allegation contained therein, Defendant asserts that the complaint is time-barred, in whole or in part, by the applicable statutes of limitation, including but not limited to, 42 U.S.C. §9613(g); 28 U.S.C. §2462; Cal. Code Civ. Proc. §§318, 338(j), 340, 342 and 343, Sections 2607(3)(a), 2725(1) and (2) of the California Commercial Code, and (*Mitchel v. Sung* (N.D. Cal.1993) 816 Scup. 597.)

### FIFTH AFFIRMATIVE DEFENSE

29. As a fifth affirmative defense, as to the plaintiff's complaint, and to each and every cause of action contained therein, Defendant alleges that plaintiff is barred from obtaining relief from Defendants by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

30. As a sixth affirmative defense, as to plaintiff's complaint, and to each and every cause of action contained therein, Defendant is not liable to Plaintiff because Defendant's wrongful conduct, if any, to the alleged violations was *de minimus*.

### SEVENTH AFFIRMATIVE DEFENSE

31.  As a seventh affirmative defense to the Complaint, Plaintiff should be estopped from seeking any relief because of its own wrongful/willful conduct.

1

## EIGHTH AFFIRMATIVE DEFENSE

2      32. As an eighth affirmative defense, as to plaintiff's complaint, and to each

3  and every cause of action contained therein, Plaintiff lacks standing to assert her

4  claims.

5

## NINTH AFFIRMATIVE DEFENSE

6      33. As a ninth affirmative defense, as to plaintiff's complaint, and to each and

7  every cause of action contained therein, Plaintiff 's claims are moot.

8

## TENTH AFFIRMATIVE DEFENSE

9      34. As a tenth affirmative defense, as to plaintiff's complaint, and to each and

10  every cause of action contained therein, plaintiff has waived her right to proceed

11  against Defendant and/or recover some of his damages because of his acts and/or

12  omissions.

13

## ELEVENTH AFFIRMATIVE DEFENSE

14      35. As an eleventh affirmative defense, as to the plaintiff's first claim for

15  violations of the Americans with Disabilities Act and the Unruh Act, Defendant has

16  made good faith efforts to comply with the Americans with Disabilities Act and the

17  Unruh Act, and the Unruh Act, including providing appropriate alternative access.

18

## TWELFTH AFFIRMATIVE DEFENSE

19      36. As a twelfth affirmative defense, as to the plaintiff's first claim for

20  violations of the Unruh Act,  plaintiffs' claims under Unruh Act are barred to the

21  extent that they interfere with Defendant's compliance with laws and regulations that

22  are equally applicable to all

23

## THIRTEENTH AFFIRMATIVE DEFENSE

24      37. As a thirteenth affirmative defense, as to plaintiff's complaint, and to each

25  and every cause of action contained therein, the imposition of statutory minimum

26  damages in this matter would violate Defendant's Eighth Amendment protection

27  against excessive fines in violation of the California Constitution and the United

28  States Constitution.

FOURTEENTH AFFIRMATIVE DEFENSE

38. As a fourteenth affirmative defense, as to the plaintiff's first claim for violations of the Americans with Disabilities Act, Defendants allege that the facilities at the subject property were not maintained with barriers to persons with disabilities, and were not maintained so as to discriminate against plaintiff or persons with disabilities. Defendants further allege that the facilities at the subject property are private.

FIFTEENTH AFFIRMATIVE DEFENSE

39. As a fifteenth affirmative defense, as to the plaintiff's first claim for violations of the Americans with Disabilities Act, Defendants allege that the parking facilities at the subject property have been striped to provide for, and currently provide, parking access to persons with disabilities. Moreover Defendants allege that the parking facilities at the subject property are private. Therefore, the injunctive relief prayed for by plaintiff is an unnecessary and unavailable remedy. Further, as a private plaintiff, plaintiff is not entitled to an award of damages on his first claim for violations of the Americans with Disabilities Act of 1990. As a result, plaintiff cannot prevail on his first claim for violations of the Americans with Disabilities Act of 1990, and Defendants are entitled to a judgment thereon.

SIXTEENTH AFFIRMATIVE DEFENSE

40. As a sixteenth affirmative defense, as to plaintiff's second claim for violation of the Unruh Civil Rights Act (California Civil Code §51 et seq.); Defendant's allege that this Court has no jurisdiction as plaintiff has no basis for recovery on his first claim for violation of the Americans with Disabilities Act of 1990, and that therefore, there is no basis for the exercise of supplemental jurisdiction over the plaintiff's remaining claims.

SEVENTEENTH AFFIRMATIVE DEFENSE

41. As a seventeenth affirmative defense, as to the plaintiff's second claim for violation of the Unruh Civil Rights Act (California Civil Code §51 et seq.),

-9-
ANSWER TO COMPLAINT

Defendants allege that the facilities at the subject property were not maintained with barriers to persons with disabilities, and were not maintained so as to discriminate against plaintiff or persons with disabilities. Moreover Defendants allege that the parking facilities at the subject property are private.

### EIGHTEENTH AFFIRMATIVE DEFENSE

42. As an eighteenth affirmative defense, as to plaintiff's second claim for violation of the Unruh Civil Rights Act (California Civil Code §51 et seq.), Defendants allege that they did not intentionally act to discriminate against plaintiff or individuals with disabilities.

### NINTEENTH AFFIRMATIVE DEFENSE

43. As an nineteenth affirmative defense, as to the plaintiff's prayer for injunctive relief in his prayer for damages, Defendants allege that the parking facilities at the subject property have been striped to provide for, and currently provide, parking access to persons with disabilities.  Moreover Defendants allege that the parking facilities at the subject property are private. Therefore, the injunctive relief prayed for by plaintiff is an unnecessary and unavailable remedy.

### TWENTIETH AFFIRMATIVE DEFENSE

44. As a twentieth affirmative defense to the complaint, Defendant has insufficient knowledge and/or information upon which to form a belief as to whether or not additional affirmative defenses are available and therefore, reserves the right to amend this Answer in order to add, delete, or modify its defenses based on legal theories which may be divulged through clarification of the complaint, discovery, change of the governing law, or further legal analysis.

### TWENTY FIRST AFFIRMATIVE DEFENSE

45. As a twenty first affirmative defense, as to the plaintiff's prayer for attorney's fees, litigation expenses and costs of suit, Defendants allege that such claim is unreasonable.

1

Dated: February __, 2017

2
/s/ Igor Korbatov
Igor Korbatov,  Esq.
3
ISRAEL, FREIDBERG & KORBATOV
LLP
4
Attorneys for Defendants 1019 N.
Fairfax Avenue LP, a California Limited
5
Partnership; Korbatov Equities LLC, a
California limited liability company

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of 18 and not a party to this adversary proceeding. My business address is: 8200 Wilshire Boulevard, Suite 400, Beverly Hills, California 90211 A true and correct copy of the foregoing document described as ANSWER TO COMPLAINT will be served or was served (a) on the judge in chambers in the form and manner required by L.R. 5-3.2.1; and (b) in the manner indicated below:

**X I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING** ("NEF") – Pursuant to controlling General Order(s) and Local Rule(s) ("LR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 1, 2017 I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Raymond George Ballister, Jr
Center for Disability Access
rayballister@potterhandy.com

Phyl Grace
Center for Disability Access
phylg@potterhandy.com

Russell C Handy
Center for Disability Access
russ@potterhandy.com

Dennis Jay Price, II
Center for Disability Access
DennisP@potterhandy.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On              , I served the following person(s) and/or entity(ies) at the last known address(es) in this case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**X III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to FR.Civ.P. 5 and/or controlling LR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/1/2017 | Igor Korbatov | /s/ Igor Korbatov |
| Date | Type Name | Signature |

ANSWER TO COMPLAINT